## STRICKER *a*. WAKEMAN.

*New York Superior Court; Special Term, November,* 1861.

SECURITY ON APPEAL.—STAY OF PROCEEDINGS.—DISCHARGE OF
LEVY.

The taking of an appeal from a judgment, and giving the security prescribed by
the Code, do not operate to discharge a previous levy, nor supersede an execu-
tion issued before the appeal was taken.

Where an appeal has been taken from a judgment, and security given as pre-
scribed by the Code, the court should supersede an execution previously issued
on the judgment, and discharge a levy, if the appeal is taken in good faith and
the security ample.

Motion to set aside execution.

On October 9th, 1861, plaintiff perfected judgment against
defendant, and on the same day issued an execution upon the
judgment to the sheriff of the city and county of New York,
under which execution the sheriff levied upon a stock of goods of
defendant, and put a man in charge. After levy, defendant ap-
pealed to the general term, and gave an undertaking to procure
a stay of proceedings on appeal, and served a copy of the same
on the sheriff. Defendant's sureties were excepted to, and justi-
fied. Defendant then moved, at special term, to set aside the
execution and the levy.

*Owen, Gray & Owen,* for the defendant, contended that
the execution of an undertaking, and the justification of sureties
on appeal, stayed all proceedings under the execution, and that
the levy by sheriff was superseded by the undertaking.

*Shaffer & Huff,* for the plaintiff.—I. The undertaking only
stays the proceedings of the sheriff under the levy made by
him, and he must safely keep the property levied on until the
termination of the appeal. (*Code,* §§ 335, 338.)

II. The court has no authority to set aside the levy; the
Code provides only for a stay of proceedings.

III. If the execution is set aside, it should be upon payment of sheriff's fees, and costs of motion to plaintiff.

WOODRUFF, J.—It is clear, I think, upon a review of cases already decided, and according to the true import of the Code, that the taking of an appeal from the judgment, and giving the security prescribed by the Code, although they operate as a stay of proceedings and prevent a sale of property levied upon, do not operate to discharge a previous levy, nor supersede an execution issued before the appeal was taken. But the court has power, in the exercise of its discretion in its equitable control over its own judgments and process, to do both, if the ends of justice or the prevention of unnecessary or oppressive hardship requires it. And it should be done when there is no suggestion that the appeal is not taken in good faith, or that the security given on the appeal is not ample to secure to the defendant the amount of his recovery, if the judgment should be affirmed.

On the payment, by the appellant, of the sheriff's fees on the execution herein already accrued, the levy may be discharged and the execution set aside.