THE MUTUAL LIFE INSURANCE COMPANY, *v.* JAMES BIGLER, Appellant, THE NATIONAL BANK OF NEWBURG, Respondent.

In an action for the foreclosure of a mortgage, after judgment, and a sale in pursuance thereof, and while awaiting the confirmation of the court for the payment of the purchase money and the delivery of the deed, the court has authority on the petition of the purchaser to restrain the mortgagor from committing waste.

The petition of the purchaser in such a case showed that the mortgagor was threatening to remove certain machinery from a mill upon the premises, which machinery the petitioner claimed to be part of the realty. *Held*, that an order restraining the mortgagor from removing the machinery until the confirmation of the report of sale and the receipt of the deed by the purchaser was proper; but that it was not necessary to adjudge the question as to whether the articles of machinery were fixtures passing with the land; that this was a question which should not be adjudged summarily on a motion. Leave therefore granted to either party to bring an action to determine that question.

(Argued January 13, 1880; decided January 20, 1880.)

THIS was an appeal from an order of the General Term of the Supreme Court, in the second judicial department, affirming an order of Special Term, granted on the petition of

defendant, the National Bank of Newburgh, purchaser on foreclosure sale herein, to the effect that certain articles of machinery specified are part and parcel of the real estate sold; and restraining the defendant James Bigler, the mortgagor, from removing the same or any part thereof from the premises, and from committing any waste thereon.

The petition stated in substance that the action was commenced to foreclose a mortgage executed by said James Bigler and wife to plaintiff; that a judgment of foreclosure and sale was entered, in pursuance whereof the mortgaged premises were sold by the referee appointed for that purpose; that the petitioner became the purchaser and paid ten per cent of the purchase price as required by the terms of sale, but had not obtained possession; that upon said premises there is a steam saw and planing-mill, which is still in the possession of the mortgagor, in which mill are certain articles of machinery attached to the buildings and forming part of the real estate purchased; that since the sale the mortgagor has claimed that said machinery and fixtures are personal property and has threatened to remove the same before the petitioners can obtain possession. The petition was accompanied by an affidavit stating the method in which the machinery was attached to the building. The answer of Bigler to the petition denied that the machinery in question was part of the realty, but alleged that the various articles specified were placed in the mill after the execution of the mortgage and without the intention to make them fixtures, and were in fact personal property.

*Theodore F. Miller*, for appellant. There was no jurisdiction to grant the injunction (*Erie Railway* v. *Ramsay*, 45 N. Y., 645; *Brown* v. *The Keeny S. C. Ass.*, 59 id., 243.) Since the Code (§ 602), abolishing the writ of injunction, the court can only grant an injunction by order in an action where the right to it "depends upon the nature of the action." There must be a complaint, showing a right to final relief; and it must demand an injunction as a

part of the relief sought. (Code, § 603; Bliss' Code, 474; *Hovey* v. *McCrea*, 4 How. Pr., 31; *Olsen* v. *Smith*, 7 id., 481; *Hulce* v. *Thompson*, 8 id., 475; *Mattice* v. *Gifford*, 10 Abb. Pr., 246 ; *Morgan* v. *Quackenbush*, 22 Barb., 72; *Springsteen* v. *Powers*, 4 Robt., 624; *Fellows* v. *Heermans*, cited in 45 N. Y., 645; *Gentil* v. *Arnaud*, 38 How. Pr., 94.)

*Samuel Hand*, for respondent. It is doubtful whether the purchaser could maintain an action for waste in his own name until the report of sale had been confirmed and the deed received. (*Strong* v. *Dollner*, 2 Sandf., 448; *Paine* v. *Miller*, 6 Ves., 349; *Cheney* v. *Woodruff*, 45 N. Y., 98; *Mitchell* v. *Bartlett*, 51 id., 447.) The purchaser was entitled to the injunction applied for. (Code, § 604; *Kershaw* v. *Thompson*, 4 J. Ch., 609; *Ludlow* v. *Lansing*, Hopk., 231.)

Folger, J. The proofs presented by the petitioner, are sufficient to show that there was reasonable ground for the claim of the petitioner, that the articles which Bigler was seeking to take away from the mortgaged premises were so put thereon as to become part thereof and pass therewith under the foreclosure sale. But it was not necessary to the immediate relief sought by the petitioner to finally adjudge that question; nor do we think that it should be adjudged summarily upon a motion. It was enough to hold that there was sufficient ground for restraining any change in the condition of the property claimed by the purchaser, until he could bring a proper action to determine the question of title.

Without passing upon the question whether or not the court had in strictness the power under the present Code to make the injunction order thereby provided for upon the case presented by the papers, we think that it had the power on general principles, and by the practice heretofore in use, to stop unauthorized interference with the mortgaged property, in the position in which it was when the petition was brought to the court. The 468th section of the former

Code was not repealed by the repealing statute : (Chap. 417, Laws of 1877, § 1, sub. 4.)   By it, in case an action cannot be had under the Code, the practice heretofore in use may be gone back to, so far as needful to prevent a failure of justice.

Now, in the case in hand, the suit for the foreclosure of the plaintiff's mortgage was a proceeding *in rem*, or in the nature thereof.   It had gone so far as that the *res* was in the actual control of the court ; the rights of all parties in it had been extinguished by the judgment, except so far as saved by it ; it was in the hands of the officer of the court ; it had been put up for sale by him, whereby to make a fund in money to be distributed by him and by the court ; a bid for it had been made and taken ; and it awaited only the confirmation by the court for the money to be paid and a deed made.   Surely the court had a right, from its inherent powers and according to former practice in equity, to forbid and restrain acts by any party to the suit, which would take away from the control of the court the very thing upon which it had adjudicated, and which it then had in possession for bestowal upon a purchaser, in exchange for his money, with which to carry out the judgment it had rendered.   It could do so in this suit, after judgment of foreclosure, on petition.   Though a bill does not pray for an injunction, and one may not be moved for under the prayer for general relief, yet after a decree of foreclosure, if the mortgagor attempt to cut timber, the court will enjoin him ; after a decree for a sale, it will not permit any one to cut timber in the meantime : (*Wright* v. *Atkyns*, 1 Ves. & Beames, 313.)   So, where after decree the mortgagor who was in possession began to pull down the house: (*Goodman* v. *Kine*, 8 Beav., 379.)   And it seems that the court may be moved thereto, by a defendant in the suit, upon petition and notice : (*Barlow* v. *Gains*, id., 329; and see *Paxton* v. *Douglass*, 8 Ves., 519; *Mocher* v. *Reed*, 1 Ball & B., 318; *Wedderburn* v. *Wedderburn*, 2 Beav., 208.)   So, where a purchaser was doing waste, not having paid the purchase

money, though not a party to the suit, he was restrained on motion of the plaintiff made in the suit : (*Casamayos* v. *Strode*, 1 Sim. & Stew., 381.)   So, a tenant of a receiver of the court, not a party, was by summary order restrained from removing farm products from the premises, for the reason that so to do was contrary to the custom of the country : (*Walton* v. *Johnson*, 15 Sim., *352.)

We think, therefore, that the court below had the power, and did not abuse discretion in the use of it, so far as it restrained Bigler from interfering with the property until the court should confirm the report of sale of the referee, and the purchaser should be put into possession of the mortgaged premises.   There are phrases in the order appealed from that may be construed as going further than that ; as making a final determination against Bigler of the question of whether or not these things were fixtures passing with the title to the land on which they stood ; and as making a perpetual restraint upon him from ever asserting a right to the ownership and possession of them.   It ought not to do more than to hold that a sufficient *prima facie* case is presented to render a removal of the property in dispute improper while the sale is still incomplete and the mortgaged premises are under the control of the court.   The order should be modified so as to restrain the defendant Bigler from removing the property alleged to be fixtures, or any part thereof, until the purchaser receives the deed from the referee and the report of sale is confirmed ; but without prejudice to the right of either party to bring an action to try the question whether such property passed by the sale, and without prejudice to that question ; and so much of the order as adjudges that such property is part and parcel of the real estate, and that said defendant Bigler has no right to remove the same, should be stricken out.

All concur.

Ordered accordingly.