LYMAN H. GRANGER, Appellant, *v.* HENRY H. CRAIG et al., Respondents.

The Code does not abridge the power the Supreme Court has always had over its own judgments; it may, in its discretion; stay proceedings pending an appeal without the prescribed security; and the exercise of this discretion, unless capricious or the discretion is abused, is not reviewable here.

(Argued April 19, 1881; decided May 3, 1881.)

THIS was an appeal from an order of General Term affirming an order of Special Term, which stayed plaintiff's proceedings upon judgment herein, pending an appeal to this court.

The action was for the foreclosure of a mortgage. The respondent held another mortgage upon the same premises bearing the same date. The complaint set forth both mortgages, asked that the premises be sold, divested of the lien of the mortgages, and that plaintiff's be first paid; the judgment was to that effect; it was affirmed at General Term. The respondents on appeal to this court moved for a stay of proceedings pending the appeal or that the proceeds of sale be brought into court to abide the event. The Special Term order directed a stay upon the giving of an undertaking conditioned, as provided by the Code, "so far as the judgment * * * adjudges the payment of money, and also conditioned that respondents would pay any deficiency occurring to the plaintiff on sale, by reason of depreciation in value of the mortgaged premises pending the appeal and before sale, provided the judgment appealed should be affirmed.

The court say:

"When an appellant will rely alone upon his appeal for a stay of the proceedings on the judgment appealed from, he must give the undertaking that the Code requires. The Code, however, does not abridge the power that the Supreme Court has always had over its own judgments, to correct mistakes in them, to vacate them for irregularity, to stay proceedings on them for such time and on such terms as to the court seem proper. It is a discretion still resting in that court, and not to be reviewed in this court, unless capriciously exercised or abused. In this case neither of those things has been done. The order made was not appealable."

*J. M. Dunning* for appellant.

*W. F. Cogswell* for respondents.

*Per Curiam* opinion for dismissal of appeal.
All concur.
Appeal dismissed.