The court at General Term held :
“ That the defendant has the inherent power to stay execution upon its judgment, without an undertaking •on the part of appellant, is not open to question (Granger v. Craig, 85 N. Y. 619). We think, however, the court ought not to exercise such power except in those cases where the respondent is protected by the fact that the property or money for which he has a judgment, is within the custody or control of the court. In the case at bar, the plaintiff has a money judgment against a party who has not appealed. The defendant claims a portion of the money. It has not been paid into court, nor is it in any way within the control of the court. That the defendant, the city, is responsible and probably will be at the determination of the appeal in the court of appeals, does not take the case out of *539 the usual rule. If the money were paid into court, we should think it necessary to require from the defendant Russell a bond for the payment of accruing interest pending the appeal. As it is not paid into court, we think the defendant, Russell, ought not to have a stay without giving a bond for the payment of the amount of the judgment with interest.”
J. H. Strahan, for appellant.
L. L. Kellogg, for respondent Russell.
Opinion by Russell, J.; Sedgwick, Ch. J., and Freedman, J., concurred.
Order reversed, with costs and disbursements; but defendant permitted, under section 1303, to file a proper bond within ten days after entry order.