FRANK SKINNER and Another, Appellants, *v.* JOHN W. HAN-NAN, Sheriff of Monroe County, and FREDERICK ODENBACH, Respondents.*

*Ejectment by the owner of an undivided interest — execution, how executed — when the court may direct a restoration to possession — rules of practice — power of the Supreme Court as to the practice — Code of Civil Procedure, § 1311 — writ of restitution — supervisory power of courts of general jurisdiction — an order granted at a Special Term held with a Circuit.*

The execution issued upon a judgment in favor of the plaintiff, rendered in an action of ejectment brought to recover the possession of an undivided two-fifths part of real estate, is irregular if it directs the sheriff to put the plaintiff in possession of the entire property. As a joint owner he has the right to enter upon the possession of the property by virtue of such judgment, but his co-owner has an equal right to the possession thereof.

Where a person was unlawfully deprived of the possession of real estate by an officer of the court, assuming to act under process of the court which was thereafter set aside, it is proper for such court, if it has jurisdiction of the parties, to direct such officer to reinstate such person in the possession of the property in question.

All the rules of practice are not contained in the Code of Civil Procedure and rules of the court. The Supreme Court possesses inherent power to adopt a practice or grant a remedy to meet the exigencies of a particular case, and to give effect to the provisions of the Code of Civil Procedure.

The common-law and Chancery practice is not abolished, and the Supreme Court now possesses all the powers formerly exercised by the old Supreme Court and the Court of Chancery, and section 1311 of the Code of Civil Procedure does not confer any new powers upon the court considered as a court of equity, nor does it impliedly prohibit the court from exercising a power in respect to real estate similar to that granted therein in regard to personalty.

Courts of equity in exercising their equity jurisdiction over the execution of writs of possession sometimes award a writ of restitution where a defendant or even a stranger has been wrongfully evicted under a writ.

The courts of general jurisdiction have an inherent supervisory power over their process, and may quash, stay or set aside an execution whenever it is necessary to prevent or correct abuse thereof, according to the justice or equity of each particular case, and when the process of the court has been abused, and no innocent party has obtained rights under it, the court in setting it aside may restore what has been wrongfully seized thereunder.

Entertaining a motion and granting an order at a Special Term held in connection with a Circuit is a matter resting in the discretion of the court.

APPEAL by the plaintiffs, Frank Skinner and another, from an order of the Supreme Court, made at the Monroe Special Term and

entered in the office of the clerk of the county of Monroe on the 17th day of May, 1894, vacating the injunction granted in the action, and directing that the defendant Odenbach be put into the possession of certain real estate.

The complaint in this action alleged : That the plaintiffs were the owners in fee simple absolute, each of an undivided one-fifth of certain described premises.

That on said premises was a hotel building called the Odenbach Hotel and some other buildings appurtenant thereto.

That these plaintiffs were in actual possession of said premises and said hotel, and had been ever since the 3d day of May, 1894, having entered peaceably.

That the defendant Frederick Odenbach and the defendant John W. Hannan, as sheriff of Monroe county, threatened to expel these plaintiffs from their possession of the said premises and from said premises by force and arms.

The plaintiffs further alleged that they were not and neither of them was a party to any suit, process or proceeding in any court of the State of New York, in which any order or process had been issued against them, and they were not privy to any person who was a party to any such suit. That these plaintiffs were in possession in their own rights as tenants in common. That the other tenants in common were Falding W. Skinner and Louis Skinner, neither of whom were in possession of said premises. That the said Falding W. Skinner and Louis Skinner own the other three-fifths interest in said premises.

The plaintiffs further alleged that the pretext for the threatened movement on the part of the defendants as above stated, was that some order has been made in an action in which Falding W. Skinner was plaintiff and the defendant Frederick Odenbach was defendant. That they had no notice of the granting of any such order ; that no such order had been served upon them or either of them, and the court had no jurisdiction to make any such order, and if there was such an order it was absolutely void as to these plaintiffs and could not affect their rights, or afford any justification for the acts threatened by the defendants.

That the defendants threatened to attack the house occupied by

**378** SKINNER *v.* HANNAN.

the plaintiffs, known as the Odenbach Hotel, and with a large body of people, the number of whom were unknown to the plaintiffs, and threatened to break into said house and drive the plaintiffs out therefrom, and to commit irreparable injury to the plaintiffs' said premises and the plaintiffs' rights, etc.

Wherefore, the plaintiffs asked that the defendants and each of their agents, counselors, attorneys and servants be perpetually restrained from attacking the house aforesaid and driving the plaintiffs therefrom and doing the acts threatened as hereinabove mentioned, and that pending this action they be temporarily restrained by an order of this court from interfering with plaintiffs' possession of said premises, and that the plaintiffs have such other relief as may be agreeable to equity, besides the costs of the action.

*John Van Voorhis*, for the appellants.

*Edward Harris*, for the respondents.

LEWIS, J. :

An action was brought in this court by one Falding W. Skinner against the defendant Odenbach to recover the possession of the undivided two-fifths of a parcel of land in the county of Monroe, upon which the defendant had constructed a hotel. The action was duly referred and the referee made his report in favor of the plaintiff. Immediately upon the receipt of the report, and without notice to the defendant, the plaintiff caused to be entered a judgment in said action adjudging that he was entitled to the possession of an undivided two-fifths of said premises, and he at once caused to be issued and delivered to the sheriff of Monroe county an execution directing him to put the plaintiff into possession of the whole of said premises. The judgment was entered and the execution issued on the 3d day of May, 1894. The sheriff, armed with the process, assumed to, and did, remove the defendant from the premises and placed the plaintiff in said execution in possession thereof, leaving, however, the furniture of the defendant in the hotel. The plaintiff in this action, claiming to be the owner of an undivided two-fifths of the said property, accompanied the sheriff and the plaintiff Falding W. Skinner to the premises and entered thereon in company with the sheriff, and

thereupon asserted and claimed that they were in lawful possession to the exclusion of the defendant. As soon as Odenbach learned of the entry of the judgment he caused an appeal to be taken therefrom, and gave the undertaking required in such cases with sufficient sureties, and upon due notice obtained an order of the Special Term vacating and setting aside said execution and directing that the plaintiff, his agents and servants, and each and every person other than the defendant, who may have taken, or who may be in possession of said premises, or any part thereof, immediately vacate the same and permit the defendant to occupy them unmolested pending the appeal taken to the General Term, and restraining the sheriff from taking further proceedings under the execution pending such appeal, and directing him forthwith to reinstate the defendant in possession of the premises and remove therefrom each and every person, other than the defendant, who might be in possession of the same, or any part thereof. An appeal was taken by the plaintiff from said order, but in no manner was the execution thereof stayed. The defendant sought to regain possession of the property under this order.

The plaintiffs in this action still remained in the hotel and refused to surrender possession thereof, and thereupon they commenced this action to restrain the defendants from in any manner attempting to regain possession of the property, and obtained from the special county judge of Monroe county an order in said action restraining the defendants or their agents from in any manner interfering with the plaintiffs' possession of the premises. At a Special Term of this court held in connection with a Circuit in the county of Monroe, an order was granted upon due notice vacating and setting aside said order made by said special county judge, and from the order thus made this appeal was taken. The order further directed the sheriff to fully execute an order theretofore granted in the ejectment action, and restrained the plaintiffs and their attorneys from in any manner interfering with the execution of that order.

The principal question presented by this appeal is whether the court had the power to include the provision in said order relating to the dispossessing of the plaintiffs in this action. The order was granted upon the return of an order to show cause, which recited

that it was granted upon the affidavits of the defendant and his counsel, Edward Harris, and all the papers and proceedings referred to in the affidavits, both in this action and those used upon the motion in the ejectment action. It was stated in the affidavit of the defendant that the only possession the plaintiffs obtained of the premises they got by means of the execution aforesaid and by the acts of the sheriff thereunder. This was not denied by the plaintiffs' affidavits. The court had the right to assume from these facts that the plaintiffs' possession was obtained by their accompanying the sheriff when he went with the execution to place the plaintiff therein in possession of the premises, and they entered the premises by the consent of the sheriff and under his protection. The defendant being in possession of the property, claiming to be the owner thereof, was entitled to remain, notwithstanding the judgment, for that, as we have seen, was for but the undivided two-fifths of the premises.

The execution was irregular in so far as it directed the sheriff to put the plaintiff in possession of the entire property. While, as joint owner with the defendant, he had the right to enter upon the possession of the property by virtue of his judgment, the defendant had an equal right to the possession. The defendant having been unlawfully deprived of the possession of the premises by an officer of the court, who had assumed to act under a process of the court which was thereafter set aside, so much of the order as directed the sheriff to reinstate the defendant in the possession of the property was unquestionably proper. It would be strange indeed if a court was powerless to restore to the defendant that which he had been deprived of in such manner. Had his undertaking been given before the sheriff had placed the plaintiff in possession of the property, he would have been entitled to retain possession during the pendency of the appeal. (§ 1331, Code Civ. Proc.) It may be true that there is no provision of the Code of Civil Procedure, nor rule of the court, expressly providing for the granting of the order for restoring possession to the defendant, but it does not follow that the court had no power or jurisdiction to grant the order. All the practice is not contained in the Code and rules. The court possesses inherent power to adopt a practice or grant a remedy to meet the exigencies of a particular case, and thus give effect to the provisions of the Code.

(*Strcker* v. *Wakeman*, 13 Abb. Pr. 85.) The common-law and Chancery practice is not abolished. (*Mut. Life Ins. Co.* v. *Bigler*, 79 N. Y. 571; *Granger* v. *Craig*, 85 id. 619; *Hastings* v. *McKinley*, 8 How. Pr. 175.) Section 1311 of the Code provides for the discharge of a levy on personal property. Where a judgment is set aside for any reason, the court will award restitution under the common-law practice. (Adams on Ejectment, § 225 and notes.) The Court of Chancery assumed the power to supersede executions, and discharge levies and restore property to the appellant. (*Clark* v. *Clark*, 7 Paige, 607.)

In the latter case the defendant had appealed and given an undertaking, but on account of an informality it did not stay the execution, and the plaintiff issued an execution and levied, and upon the bond being perfected, the Court of Chancery superseded the levy and directed the sheriff to restore the property to the defendant, and this was done in the absence of any express provision of the statute or rules authorizing it, the court assuming the right under its equitable power over its own process. The Supreme Court now possesses all the powers formerly exercised by the old Supreme Court and the Court of Chancery. Section 1311 of the Code does not confer any new powers upon the court, considered as a court of equity; hence, no argument can be derived from it that it impliedly prohibits the court from exercising a similar power in respect to land. Instances are numerous where the courts have applied equitable principles and rules to purely legal actions; and the fact that the common-law courts disclaim the power to act in such cases is no reason why the court is prevented from exercising its equity powers.

The plaintiffs in this action having obtained possession in the manner they did, and, in effect, forcibly ejecting the defendant from the possession of the property, illegally assuming to avail themselves of the authority of a process which gave no such authority, the Special Term having jurisdiction of the parties did not, we think, exceed its equitable powers when it directed the sheriff to reinstate the defendant in the possession of the property and remove the plaintiffs therefrom.

Courts of equity, in exercising their equity jurisdiction over the executions of writs of possession, sometimes award a writ of restitution where a defendant, or even a stranger, has been wrongfully evicted

under a writ. (Sedgwick & Wait on Trial of Title, § 60.) The writ of assistance is the equitable equivalent of the common-law writ of ejectment. (Id. 548.) The courts of general jurisdiction have an inherent supervisory power over their process and may quash, stay or set aside an execution whenever it is necessary to prevent or correct abuse thereof, according to the justice or equity of each particular case. (7 Am. & Eng. Ency. of Law, 148.) When the process of the court has been abused, and no innocent party has attained rights under it, the court, in setting it aside, may restore what has been wrongfully seized thereunder. (*Compau* v. *Coates,* 17 Mich. 235.) In this case, however, judgment was set aside. The same doctrine was held in *Keith* v. *Wilson* (3 Metc. [Ky.] 204).

While we have no hesitation in holding that the order, so far as it set aside the injunction order, and directed the sheriff to reinstate the defendant in possession of the property, was properly granted, it is not so clear that the court had power to direct the removal from the premises of the plaintiffs.

Entertaining the motion and granting the order at a Special Term held in connection with a Circuit was a matter in the discretion of the court.

Falding W. Skinner, not being a party to the action in which the order appealed from was granted, the court did not have jurisdiction to direct his removal.

The order appealed from should be so modified as to limit its operation to the vacation of the injunction and the restitution of the defendant to the possession of the undivided three-fifths of the premises, and, as so modified, it should be affirmed, without costs of this appeal to either party.

Dwight, P. J., Haight and Bradley, JJ., concurred.

Order appealed from modified so as to limit its operation to the vacation of the injunction and the restitution to the defendant Odenbach of an undivided three-fifths of the premises in question, and, as so modified, affirmed, without costs of this appeal to either party.