(34 Misc. Rep. 405.)

## MARGOLIES v. ERNST.

(City Court of New York, General Term.   March 26, 1901.)

COURTS—AUTHORITY TO STAY EXECUTION.

Code Civ. Proc. § 772, providing that an order may be made out of court, and without notice, by a justice of the supreme court, etc., "except to stay proceedings after verdict," and section 1005, providing that entry of judgment and proceedings to enforce it are not "stayed" by an exception, motion for new trial, etc., unless an order for such stay is procured, both of which sections are made applicable to the city court by section 3347, subds. 4, 6, 7, recognize the power of the city court to stay the execution of its own judgments without an undertaking.

Appeal from special term.

Action by Peric Margolies against Max Ernst. From an order vacating execution, plaintiff appeals.   Affirmed.

Argued before McCARTHY, SCHUCHMAN, and DELEHANTY, JJ.

Moses Feltenstein, for appellant.
Horwitz & Samuels, for respondent.

SCHUCHMAN, J.   This is an appeal by the plaintiff from an order made at special term vacating and setting aside an execution in favor of the plaintiff herein and against the defendant on the ground that the same had been issued in violation of a stay granted by the justice at the trial term.   The stay was for 30 days, and after 20 days the execution was issued.   The appellant raises the point "that a justice of the city court is without jurisdiction to grant a stay after rendition of verdict without an undertaking, and such a stay when granted is a nullity."   This point is untenable.   This court has such jurisdiction.   Granger v. Craig, 85 N. Y. 619; Carter v. Hodge, 150 N. Y. 532, 537, 44 N. E. 1101; Alfaro v. Davidson, 39 N. Y. Super. Ct. 408. The power of a court to stay the execution of its own judgments is recognized by the Code.   See sections 772 and 1005.   Both sections are made applicable to the city court by section 3347, subds. 4, 6, 7.

Order appealed from is affirmed, with costs and disbursements. All concur.