VERNA R. WASSUNG, APPELLANT, V. JOHN KENT WASSUNG, APPELLEE.

286 N. W. 340

FILED JUNE 9, 1939. No. 30500.

*Walker & McArthur*, for appellant.

*Clarence G. Miles* and *Meredith K. Nelson, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE AND JOHNSEN, JJ.

SIMMONS, C. J.

This case involves the modification of a divorce decree for child support. The trial court modified the decree as to future payments and provided for the collection of the accrued payments on a monthly basis. Plaintiff appeals, and defendant cross-appeals.

Plaintiff and defendant were married in 1919. A daughter was born to them in 1921.

The trial court granted the defendant herein a divorce upon his cross-petition in 1925, in which divorce decree it was provided that the plaintiff should have the custody of the minor child, and that the defendant should pay child support in the sum of $20 per month, beginning February 19, 1925, and each month thereafter, until the further order of the court, or while the child was a minor or unmarried.

At the time of the divorce proceedings, defendant's wages were $42 per week. They were reduced to $35 per week in 1928; and in June, 1930, to $28.25 per week. The plaintiff was not employed when the divorce was granted. At the time of the trial of the present case, and for some time prior thereto, she was employed at a salary of $75 per month.

The defendant made the payments required by the decree up to January, 1933. From that date to February 8, 1936, without having secured a modification of the decree, he paid $10 per month, and from February 8, 1936, to June 26,

1937, he paid $5 per month to the plaintiff. In September, 1937, the plaintiff garnished defendant's salary, and collected $141.25 (all of his wages then due). The plaintiff caused a further garnishment summons to be issued in November, 1937, upon which nothing was received.

On December 14, 1937, the defendant asked the court to relieve him of all payments for the support of his daughter, accrued and to accrue under the terms of said decree, alleging his changed circumstances, to wit: A reduction in wages; his remarriage in 1927; the dependency of his wife and two children by his second marriage; and his indebtedness for necessities secured for his present family, debts in part caused by the taking of his wages in the garnishment proceedings.

Neither of the parties appear to have property other than household goods and an automobile. In each case, it appears that the entire salary is required for the support of, and necessities for, the dependent family.

The trial court, modifying the original decree, relieved the defendant of all obligation to make child support payments in the future, determined the accrued amount due under the decree which had not been paid, and provided that, beginning April 1, 1939, the defendant should pay the plaintiff the sum of $10 per month on the 1st day of each and every month thereafter until the accrued instalments were fully paid; and enjoined the plaintiff from enforcing the payment of said accrued and unpaid instalments by execution, attachment, garnishment, or in any other manner until the 1st day of April, 1939, and thereafter, except in accordance with the provisions of the decree.

Plaintiff asks this court to vacate the order of the district court, and reinstate the 1925 decree. The defendant on cross-appeal asks to be relieved of all liability for payments accrued and to accrue under said decree.

The reduction in defendant's wages and the employment of the plaintiff are changes in the circumstances of the parties that justify a prospective modification of this decree under the power granted the court in section 42-312,

Comp. St. 1929, and section 42-324, Comp. St. Supp. 1937.

The trial court concluded that payments of $10 per month hereafter by the defendant to the plaintiff for the support of the minor child were proper, and in that conclusion we concur.

Does the court have the power to modify the decree in so far as accrued and delinquent payments are concerned?

The general rule is stated in 19 C. J. 359, as follows: "Payments exacted by the original decree of divorce become vested in the payee as they accrue, and the court, on application to modify such decree, is without authority to reduce the amounts or modify the decree with reference thereto retrospectively; the modifying decree relates to the future only and from the time of its entry."

"All judgments and orders for payment of alimony or of maintenance in actions of divorce or maintenance shall be liens upon property in like manner as in other actions, and may in the same manner be enforced and collected by executions and proceedings in aid thereof, or other action or process as other judgments." Comp. St. 1929, sec. 42-319.

The original decree herein is a final judgment. *Wharton v. Jackson,* 107 Neb. 288, 185 N. W. 428.

Where a divorce decree provides for the payment of stipulated sums monthly for the support of a minor child or children, contingent only upon a subsequent order of the court, marriage, or the reaching of majority, such payments become vested in the payee as they accrue. The courts of this state are without authority to reduce the amounts of such accrued payments.

This rule is consistent with the holdings of this court with reference to alimony and child support, down to and including the case of *McIlwain v. McIlwain,* 135 Neb. 705, 283 N. W. 845, and *Graham v. Graham,* 135 Neb. 761, 284 N. W. 280.

Courts of general jurisdiction have the inherent power to do all things necessary for the administration of justice within the scope of their jurisdiction. This includes supervisory power over their process and the power to stay tem-

porarily execution on judgments rendered by them whenever it is necessary to accomplish the ends of justice and prevent injustice. 14 Am. Jur. 370, sec. 171; 23 C. J. 521; 7 R. C. L. 1033, sec. 62; 1 Freeman, Executions (3d ed.) p. 117, and cases cited in the above texts. It is a power which should be exercised sparingly and only in those instances where justice requires it.

The district courts of Nebraska are courts of general jurisdiction. Const. art. V, sec. 9. In the exercise of their equity jurisdiction the district courts are not limited by statute. *Cochran v. Cochran*, 42 Neb. 612, 60 N. W. 942; *Rhoades v. Rhoades*, 78 Neb. 495, 111 N. W. 122; *Bodie v. Bates*, 95 Neb. 757, 146 N. W. 1002. Executions are a process of the court. Comp. St. 1929, sec. 20-1501. Judgments and decrees for alimony or maintenance "may be enforced and collected in the same manner as other judgments of the court wherein they are rendered." Comp. St. 1929, sec. 42-323. The decree in this case is subject to the power of the court over all its decrees and its processes.

We recognize that section 20-1505, Comp. St. 1929, provides: "Hereafter no stay of execution or order of sale upon any judgment or decree shall be granted for a longer time than nine months from and after the rendition of such judgment or decree." That section and sections 20-1506 to 20-1514, inclusive, were passed as one act in 1875. Laws 1875, p. 49.

It is clear from the provisions of that act that the legislature had in mind the matter of stays of execution on judgments and decrees where the ultimate purpose was the recovery of money only. Here the ultimate purpose of this decree is the care of the child of the marriage. The court was not concerned solely with the payment of money by defendant to the plaintiff, but was concerned with the payments of money by the defendant to the plaintiff "for the maintenance and support of the minor child." It is that purpose that must be accomplished to the extent that it is possible to do so by order of the court.

In *Winter v. Winter,* 95 Neb. 335, 145 N. W. 709, this

court was presented with the following situation. A divorce decree ordered the defendant husband to pay the plaintiff wife alimony at the rate of $15 a month. The defendant remarried. Defendant's wages were garnished. He claimed the benefit of the exemption statute as the head of a family. At that time, the statute provided: "All heads of families, who have neither lands, town lots, or houses subject to exemption as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property." Cobbey's Ann. St. 1909, sec. 1522. This court held that the defendant could not defeat the collection of alimony by remarrying and claiming the benefit of the exemption law, and that that statute did not prevent the court's carrying out the purpose of the alimony statutes and the doing of an obvious justice in the premises. The court discussed the general powers of courts of equity, which exist independent of, and also by statute; the fact that the divorce laws are to be liberally construed; and the wide discretion which the legislature gave trial courts in matters of alimony, and child support and custody in divorce proceedings.

The statute involved in *Winter v. Winter, supra,* is as inclusive as section 20-1505, Comp. St. 1929, is exclusive.

In *Granger v. Craig,* 85 N. Y. 619, judgment was for the foreclosure of a mortgage; the defendant upon appeal desired a stay, not allowed by the provision of the Code, and the stay was granted. The court held: "The Code, however, does not abridge the power that the supreme court has always had over its own judgments, to correct mistakes in them, to vacate them for irregularity, to stay proceedings on them for such time and on such terms as to the court seem proper." That holding has been repeatedly affirmed in New York.

In *Skinner v. Hannan,* 81 Hun, 376, 30 N. Y. Supp. 987, there was an absence of a Code provision for an order which the court made. The court stated: "All the practice is not contained in the Code and rules. The court possesses inherent power to adopt a practice or grant a remedy to meet

the exigencies of a particular case, and thus give effect to the provision of the Code."

The stay of execution granted by the trial court in this case does not affect the right of plaintiff to be paid. It regulates only the manner and the time in which the rights fixed by the judgment shall be enforced.

As was stated by this court in *Earle v. Earle,* 27 Neb 277, 43 N. W. 118: "We are of the opinion that courts of equity should have and do have the jurisdiction to grant relief in cases of this kind without reference to the statutes of the state, but by and through the jurisdiction growing out of the general equity powers of the court."

This court has always considered that children involved in divorce actions are wards of the court, and that the ultimate decisions as to the children must be made from the standpoint of their best interest.

The duty of a father to his offspring, and his liability for their support and education, continue as imperative after, as before, a divorce. *Connett v. Connett,* 81 Neb. 777, 116 N. W. 658.

The defendant has a duty to support his minor child, Glenrose, that this court will not ignore. He likewise has a duty to support his two minor children by his second marriage that is as imperative as his obligation to support the daughter of his first marriage. The defendant cannot escape his liability to any of the three children.

The plaintiff made no effort to enforce payment of the full amount at the times required by the decree. Partial delinquencies covering a period of four years and eight months accrued before the plaintiff asked the court to issue its process to enforce payment. Her inaction is a factor contributing to the creation of the present situation.

To permit the plaintiff under these facts to levy execution or garnishee all of defendant's wages and immediately collect the accrued instalments will jeopardize, if not make impossible, the defendant's care and support of the two children of the second marriage.

To prevent the immediate collection of that entire amount,

and to provide for its orderly payment to the plaintiff, consistent with the needs of the minor child, Glenrose, and the ability of the defendant to pay, will not in any wise jeopardize the care of the child, Glenrose. It might be to her advantage to have the payments so made. It will likewise be to the advantage of the children of the second marriage.

The collection of the full amount due at this time cannot be of retroactive benefit to the child, Glenrose. Support payments in cases of this character are for the benefit of the child or children, not for the benefit of the parent. Instalment payments as provided by the district court in its decree of April, 1938, will be for the best interests of all three children.

The defendant contends that he should be relieved of all liability for the support of his minor child because the plaintiff has poisoned the mind of his child against him.

The record does not sustain the defendant's contention in that regard. However, assuming that that fact were established, the child should not be made to suffer further because of the suspicions and dissensions of the divorced parents.

We recognize that the decrees of the courts must be respected by litigants, and that courts cannot condone deliberate disobediance of their orders. That the defendant has not obeyed the order of the court with reference to the payment is clear. That he did it knowingly is clear. Were he and the second wife alone to suffer from the present enforcement of the full terms of the decree, we would not interfere with that enforcement. To enforce the decree as desired by the plaintiff would be to cause an extreme hardship on the two children of the second marriage who have the right to look to the defendant for support. Their interests require the court to intervene and protect the right of the father to care for them as well as his daughter by his first marriage, to the extent of his ability.

The decree of the trial court is

AFFIRMED.

EBERLY, J., dissents.