CHARLES J. MCILWAIN, APPELLANT, V. MARGARET K. MCIL-
WAIN, APPELLEE.

283 N. W. 845

FILED FEBRUARY 10, 1939. No. 30460.

*Frank A. Peterson,* for appellant.

*S. W. McKinley, Jr., contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER and MESSMORE, JJ.

SIMMONS, C. J.

This is a proceeding brought under the provisions of
section 42-324, Comp. St. Supp. 1937, to revise and alter a
decree fixing permanent alimony.

The plaintiff and the defendant were married April 5,
1905; three children were born to the marriage; the
youngest will become of age March 10, 1939. The plaintiff

·is 60, the defendant 58, years of age. The plaintiff and the
defendant resided in Nebraska until 1921, when, apparent-
ly with the plaintiff's approval, the defendant with the
three children removed from Nebraska to California, where
she and the three children have since resided.

·. Shortly after the marriage, residence property was
bought in Omaha by the plaintiff and the defendant, title
being taken in the wife's name, part of the purchase money
being furnished by the defendant's father. This property
was sold, and a second property bought, in part with a
contribution from the estate of the defendant's father. This
was profitably sold, and the proceeds thereof were taken
by the defendant to California where, apparently using her
own discretion and judgment, she invested and reinvested
the money, sometimes with profit, sometimes with loss.

In April, 1933, the plaintiff brought an action for di-
vorce against the defendant, alleging in his amended pe-
tition the incompatibility of the defendant and desertion of
the plaintiff by the defendant. The defendant answered,
admitting the marriage and denying all other allegations
in the petition. At the trial of the divorce action, the de-
fendant appeared by her attorney, introduced no evidence,
and made no objections to the introduction of evidence. A
decree granting the plaintiff an unconditional divorce on
the ground of the defendant's desertion was entered No-
vember 1, 1933. On that date there was also filed with the
clerk of the court a stipulation, dated May 10, 1933, pro-
viding, among other things, that, upon the signing of a
decree in this action, if one was granted, regardless of who
obtained the divorce, alimony should be settled as follows:
Plaintiff to pay the defendant the sum of $75 per month
until the younger son reached the age of 21 years; that
thereafter the defendant was to be paid the sum of $40 per
month; and that there should be incorporated in the decree
the terms and conditions of the stipulation.

In the decree the court found "That the stipulation en-
tered into between these parties is fair and reasonable,
and considering the present earning capacity of the plain-

tiff and the circumstances of the parties, should be made binding upon them;" and decreed "That the terms of a stipulation entered into between these parties be binding upon the same;" and provided for the payment of $75 per month by the plaintiff to the defendant until the younger son became 21 years of age, and that "after said date the plaintiff is to pay the defendant the sum of $45 per month." Indorsed upon the stipulation is the following: "With alimony for defendant increased to $45 per mo. after son Laurence becomes of age. Stipulation approved." To that appears the signature of the trial judge.

On December 10, 1937, plaintiff filed his petition in said action, reciting the above decree, compliance therewith, his remarriage, a reduced earning capacity; that he has no property except his earnings; and praying for a decree altering and modifying said alimony decree by reducing the payments of $75 per month to a sum not exceeding $25 per month until the younger son becomes 21 years of age; and providing that thereafter all payments of alimony cease.

The defendant answered, alleging that the payments provided for in said decree were based upon a stipulated property settlement; that the same became binding upon the parties; that there has been no change of position of the defendant since said decree; setting out her property holdings; alleging the capacity of the plaintiff to continue said payments; and praying that the stipulated contract in said decree remain unaltered and unmodified; and that the terms thereof should be carried out in their entirety.

The matter was heard upon March 5, 1938. The trial court found "that the evidence does not disclose any substantial change in the circumstances of the parties," and denied a modification of the alimony payments "except that the modification of the original stipulation be and the same hereby is canceled;" and ordered that "the original stipulation providing for payments of $40 per month after the majority of the youngest child is hereby confirmed."

At the time of the hearing in the trial court, of the three children, the daughter was married and well-to-do; the

older son was unmarried, living at home, and well-employed; and the younger son was finishing high school and had the promise of a good job. The real estate owned by the defendant consisted of a small apartment house in which she lived, the rent of which, however, was collected by the loan company which held a mortgage upon it. She had no other income and was not in good health. It appeared, also, that the younger son had saved some money from the payments made under the court order by his father. The plaintiff had no property of any kind save a cheap automobile purchased in 1936, upon which full payment had not yet been made at the time of trial. During the twelve years before the divorce that the defendant resided in California with her children, the plaintiff contributed to their support a total of $21,000 from his earnings as a freight engineer; and at one time gave the defendant $500 to be used as the purchase price of property. The defendant has the residue of the property resulting from the contributions of her father and from the earnings of the plaintiff.

The record shows some dispute as to the present earnings of the plaintiff. The plaintiff testified that he was earning around $275 a month when the decree was entered in 1933. The record does not disclose whether the sum fixed for his 1933 earnings of $275 a month was net or gross. He testified he was earning around $190 to $200 when the case was tried in March, 1938. His gross earnings shown for February, 1938, alone, were around $217. His gross earnings for the year 1937 were $3,525.38, from which approximately $30 a month for road expenses should be deducted. He fixed his monthly expenses at the time of the trial at about $290, which included the alimony payment. His only disclosed income at the time of the trial, other than earnings, was $10 a month from a stepdaughter. He listed no debts other than those on his car, so we conclude his current income was sufficient to meet his current expenses, and that there has been no substantial reduction in his earnings since 1933. The terms of plain-

tiff's employment make him subject to voluntary retirement at the age of 65 with a pension of $92 or $93 per month according to present figures; and he is subject to compulsory retirement at 70 with a pension of about $110 per month. However, this contingency will not occur for five years at the earliest.

We first consider the effect of the stipulation as disclosed by the record in this case. We do not have the testimony, with reference to the property of the plaintiff or his earnings, at the time of the trial of the action for divorce other than his statement at the time of the hearing in 1938. However, the court in its findings considered "the present earning capacity of the plaintiff and the circumstances of the parties." So, we assume, that evidence was taken upon that question, and that the trial court, upon the basis of evidence offered at that time, had reason for increasing the stipulated amount to be paid to the defendant from $40 to an award of $45 per month after the youngest child became of age. However, that increase was not to become effective until March, 1939.

We agree with the statement made by defendant's counsel that "said decree was entered, in part at least, upon a stipulation between the parties." The effect of the stipulation, so far as the decree is concerned, is that it was taken merely as advisory to the court.

We view the case, then, from the standpoint of a decree entered providing for the payment of alimony, which decree is subject to revision and alteration from time to time by the court upon a proper petition therefor and proper showing thereon.

The applicable provisions of section 42-324, Comp. St. Supp. 1937, are as follows:

"After a decree for alimony or other allowance for the wife and children, or either of them, * * * the court, from time to time, on the petition of either of the parties and hearing thereon, may revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof. * * * And the court may make any decree re-

specting any of the matters which such court might have made in the original suit."

In the original suit the court has power to decree such alimony "as it shall deem just and reasonable, having regard to the ability of the husband, the character and situation of the parties, and all other circumstances of the case." Comp. St. 1929, sec. 42-318.

The power of the court to alter and revise provisions for alimony in a divorce decree is unquestioned. We have examined the decisions of this court in *Chambers v. Chambers,* 75 Neb. 850, 106 N. W. 993; *Cizek v. Cizek,* 76 Neb. 797, 107 N. W. 1012; *Williams v. Williams,* 119 Neb. 8, 226 N. W. 798, together with those of other jurisdictions having statutes exactly alike or similar to ours. We conclude that a hearing upon an application to revise and alter a decree under this statute is not a retrial of the original case, or a review of the equities of the original decree. The court upon such application considers the new or changed conditions of the parties and adapts the decree thereto, as present conditions require. The remarriage of the plaintiff, the establishment of a new home, and the support of a stepson, aged 15 years, are the only material changes of circumstances shown by this record. Remarriage, and the resulting new obligations, is a change of circumstance that may be considered by the court, along with other changes of circumstances, upon an application to revise and alter the original decree.

The plaintiff, at the time he secured the divorce from the defendant, consented to an alimony decree fixing payments of $75 a month to his wife up until the time the minor son became 21 years of age, and thereafter at $40 a month. It is true that the trial court at that time increased the award payable after the majority of the younger son. That increase, however, is not yet effective, and the trial court in its decree of March 11, 1938, reduces the amount payable after the majority of the younger son to $40 per month. The plaintiff knew at the time of his remarriage that he was under obligations to satisfy the decree that

the court rendered against him. His remarriage does not relieve him from the obligations fixed by that decree. *Winter v. Winter*, 95 Neb. 335, 145 N. W. 709. "Where a divorced husband remarries, he owes a duty to his second wife, as well as to the former, that the law recognizes, and the court will make such adjustment as the relative necessities of the parties demand and the ability of the husband will warrant." *Cook v. Cook*, 168 Wash. 649, 13 Pac. (2d) 38. However, the first wife has first consideration, and "her necessities will not be unreasonably curtailed, or her wants ignored." *Herrett v. Herrett*, 80 Wash. 474, 141 Pac. 1158.

So far as this record discloses, there has been no material change in the earning capacity of the plaintiff since the original decree was entered, and the affirmation of the decree of the trial court places no burden upon the present wife that was not there at the time of her marriage to the plaintiff. Under the facts and circumstances disclosed by the record in this case, the fact of remarriage standing alone is not sufficient to justify a modification of the original decree, or a reduction in the amount of alimony that the plaintiff should pay the defendant.

Plaintiff submits that decrees for alimony in instalments for life or for an indefinite period are invalid in the state of Nebraska. Plaintiff's contentions in that regard have been answered by this court in *McCord v. McCord*, 128 Neb. 230, 258 N. W. 474, wherein this court said: "We find nothing restricting the powers of our divorce courts, in a proper case, to enter judgments in this form."

The stipulation was offered for use in the divorce action in 1933, and should not have been confirmed in this proceeding.

The decree of the district court of March 11, 1938, is modified by setting aside that part of the decree which holds that the original stipulation is confirmed, and, so modified, is affirmed, subject to the right of the plaintiff to apply for and secure modification thereof at a subsequent time upon a showing of materially altered circumstances.

The costs of this action on this appeal are taxed to the plaintiff, including an attorney's fee of $100 for defendant's attorney for services in this court.

AFFIRMED AS MODIFIED.