EULA MORRIS, APPELLANT, v. WALTER MORRIS, APPELLEE.

290 N. W. 720

FILED MARCH 8, 1940. No. 30729.

*Dent & Deakins,* for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

The question presented is whether the trial court was justified in reducing the alimony and child support allowance in the divorce decree in this case from $60 to $30 per month.

Plaintiff was granted a divorce from defendant and the custody of their nine-year-old child on June 24, 1938. The decree provided that defendant should pay plaintiff the sum of $60 per month for the support of herself and child, except that, if his income fell below $160 per month, it was to be reduced to 40 per cent. of his earnings, but in no event was it to be less than $35 per month, unless plaintiff remarried, when it should be reduced one-half. On January 21, 1939, after having paid only $130 under the decree, defendant filed this application for modification, to reduce the payments to $25 per month. The trial court, after a hearing, entered an order changing the amount of the payments to $30 per month. Plaintiff has appealed.

The application for modification was made under section 42-324, Comp. St. Supp. 1939, which provides: "After a decree for alimony or other allowance for the wife and children, or either of them, * * * the court, from time to time, on the petition of either of the parties and hearing thereon, may revise and alter such decree respecting the amount of such alimony or allowance, or the payment thereof. * * * And the court may make any decree respecting any of the matters which such court might have made in the original suit."

It has been held that an application under this section cannot be used simply to review the equities of the original decree. *McIlwain v. McIlwain*, 135 Neb. 705, 283 N. W. 845. Where it is made at a subsequent term, it must be founded, we have said, upon facts or circumstances which have arisen since the decree. *Graham v. Graham*, 135 Neb. 761, 284 N. W. 280. Except where new, controlling conditions have subsequently arisen, the matter is treated as *res judicata*. *Chambers v. Chambers*, 75 Neb. 850, 106 N. W. 993. These principles govern not alone an allowance for the support of the wife, but have been recognized as being applicable to an allowance for child support as well. *Wassung v. Wassung*, 136 Neb. 440, 286 N. W. 340.

To the writer it has always seemed that, where no fixed property settlement or gross sum alimony award was involved, the doctrine of *res judicata* should not have been applied and ought not to have been permitted to calcify the apparent purpose and language of section 42-324, Comp. St. Supp. 1939, and section 42-312, Comp. St. 1929. But the present situation is, of course, governed by the rules which the court has laid down and not by the writer's individual views. Testing the facts by these rules, it appears that the only changes which have occurred in the condition of the parties subsequent to the decree are that defendant has married again and that plaintiff has left the jurisdiction, with the child, and is now employed.

The fact that defendant has married again is not of itself sufficient to justify a modification of the decree. *McIlwain v. McIlwain, supra*. It is a circumstance that may be considered, however, in weighing the equities of the situation, where other facts are present sufficient to warrant the court, in its sound discretion, to modify the decree.

The subsequent employment of plaintiff is a circumstance that may justify a modification of the decree, as a matter of judicial discretion, if there are appealing equities in defendant's situation. The evidence here demonstrates rather clearly that defendant cannot reasonably carry his present family load and pay plaintiff $60 per month. He is a rail-

road brakeman, with average net earnings of $120 per month after payment of his necessary road expenses. His earnings are substantially the same as at the time of the decree. An income of $160 per month is implied in the decree, but this figure is a bit inflated and fails also to take into account his necessary road expense. He was without legal counsel in the divorce proceeding, and as a matter of emotionalism, blindness, or gesture offered to pay plaintiff $60 per month. This probably is the root of his present problem, for the court accepted his ostensible magnanimity and made no judicial inquiry into his financial situation. His willingness to pay $60 per month was expressed in the form of a written agreement incorporated into the decree, but it is not contended here that there is anything in this situation that would prevent a consideration by the court of the present application, so we are not called upon to deal with that question.

Defendant's declaration of willingness to pay was more ostentatious than his record of performance, for, as previously indicated, he had paid only $130 on the decree at the time the present application was made. Immediately following the divorce, he became involved in a legal morass of debts accumulated from the marriage, which threatened to disrupt his employment and forced him to go to the expense of bankruptcy. Plaintiff also felt it necessary to prod him with citations and with summons in garnishment against his employer.

Without detailing further facts, it is quite obvious from the record that defendant cannot reasonably carry his present financial load and pay an allowance of $60 per month. To jeopardize his employment and seniority rights further is not the answer to the difficulty, from the standpoint of either plaintiff or defendant. Our first solicitude must, of course, be for the reasonable needs of plaintiff and her child, but defendant's duty to the second wife cannot be wholly ignored, if there is any way it can fairly be taken into account. *McIlwain v. McIlwain, supra.* The fact that plaintiff is now employed is a circumstance that permits the situa-

tion of the parties to be reexamined and some adjustment to be made in the equities between them. The difficulty confronts us in this case, however, that the record contains no evidence as to the extent of plaintiff's earnings. This information seemingly was not readily available to defendant, possibly because plaintiff was not present personally at the hearing. The trial court might have required it to have been disclosed by plaintiff's counsel. Perhaps defendant did not exercise the necessary diligence to obtain it. Without it, however, we are not able to say whether the modification made by the trial court was fair or proper.

In the ordinary judicial proceeding we would be justified, perhaps, in reversing the decree and dismissing the application, but we will not blind ourselves to the possible injustice which may result in the present situation, and will remand the cause to allow evidence to be received on the extent of plaintiff's earnings, and leave the way open for a decree to be entered based upon such evidence and the equities which shall then appear to exist. Under the circumstances, we have no way of judging, and we express no opinion upon the propriety of the extent of the reduction made by the trial court on the previous hearing. Under the rule announced in *Wassung v. Wassung, supra,* no reduction can be made in the amount of the payments accrued up to the time of the filing of the application for modification, although the manner of collecting such accrued payments may, if necessary, be regulated or controlled.

REVERSED.