MYRTLE HARRIS, APPELLEE, v. BERNARD HARRIS, APPELLANT, DAN WAEGLI ET AL., INTERVENERS, APPELLEES.
36 N. W. 2d 849

Filed April 14, 1949. No. 32556.

*William G. Whitford,* for appellant.

*Elmer C. Rakow,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

A determination of the questions presented by the appeal herein requires a statement of the history of antecedent proceedings in this case. On August 13, 1947, Myrtle Harris, plaintiff, filed a petition for divorce from Bernard Harris, defendant, and for custody of the seven minor children of the parties. A decree was entered on October 10, 1947, granting a divorce to plaintiff. She was also awarded the custody of the children. On April 30, 1948, the defendant filed a petition in which he requested that the custody of three of the children of the parties be awarded to him. On August 6, 1948, pursuant to the prayer of the petition and on stipulation of the parties the decree was modified whereby defendant was awarded the custody of LeRoy Harris, one of the children.

Thereafter on August 13, 1948, on oral motion Dan Waegli and Margaret Waegli, who are husband and wife, were permitted to file in this action what they termed a petition in intervention in which it was stated that LeRoy Harris was born on January 14, 1936, and that they obtained custody of him in May 1946, and had retained such custody thenceforth. The prayer of the petition was for a modification of the decree and an award of his custody to them.

To this petition plaintiff entered her voluntary appearance but filed no pleading. She did not in anywise resist the relief sought by Dan Waegli and Margaret Waegli in the district court and she has made no appearance in this court.

The defendant filed a motion to strike the petition in

intervention on the ground that Dan Waegli and Margaret Waegli had no right to intervene for the reason that they were not proper parties.

Reserving the objection of his motion to strike, the defendant then filed a motion to require that the petition in intervention be made more definite and certain.

Thereafter defendant filed a demurrer on the ground that the petition in intervention did not state a cause of action in favor of Dan Waegli and Margaret Waegli.

These two motions and the demurrer were in regular order overruled.

On the overruling of the demurrer the defendant filed an election to stand on his demurrer and a refusal to further plead.

A trial was had to the court on the petition in intervention at the conclusion of which the custody and control of LeRoy Harris was awarded to Dan Waegli and Margaret Waegli. From this order the defendant has appealed. Dan Waegli and Margaret Waegli will be referred to hereinafter as interveners.

There is no attack upon the order awarding custody of the child to interveners except that which inheres in the contention of the motion to strike and of the demurrer that the interveners had no right and were not proper parties to intervene. In other words on the record presented the only question for consideration here is the propriety of the ruling of the district court on the demurrer.

The theory on which the appeal is presented is that the right of intervention is controlled by statute in Nebraska, that under the statute only those who have or claim an interest in the matter in litigation or in the success of a party or parties to the action may intervene, and that this being an action for divorce there can be no other person or persons having an interest in the matter in litigation, therefore intervention was not permissible and could not properly be allowed.

The statute allowing intervention is the following:

"Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to an action, or against both, in any action pending or to be brought in any of the courts of the State of Nebraska, may become a party to an action between any other persons or corporations, either by joining the plaintiff in claiming what is sought by the petition, or by uniting with the defendants in resisting the claim of the plaintiff, or by demanding anything adversely to both the plaintiff and defendant, either before or after issue has been joined in the action, and before the trial commences." § 25-328, R. S. 1943.

It is true that ordinarily there is no right of intervention by third parties in an action for divorce. 27 C. J. S., Divorce, § 91, p. 673; Keehn v. Keehn, 115 Iowa 467, 88 N. W. 957; Hulett v. Hulett, 152 Miss. 476, 119 So. 581; Broduer v. Broduer, 53 R. I. 450, 167 A. 104. In a divorce action however where intervention becomes necessary to secure justice or to protect rights intervention becomes proper. 27 C. J. S., *supra;* Wagenseller v. Wagenseller, 29 Pa. Dist. 75, 48 Pa. Co. 106; Elms v. Elms, 4 Cal. 2d 681, 52 P. 2d 223, 102 A. L. R. 811; Greene v. Greene, 220 Ala. 395, 125 So. 640.

We think however that the decision is not to be controlled by either this general rule or the exceptions thereto.

The statutes relating to divorce and custody of children contain the following provisions:

"Upon pronouncing a sentence or decree of nullity of a marriage and also upon decreeing a divorce, whether from the bonds of matrimony or from bed and board, the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, and may determine with which of the parents the children or any of them shall remain. * * *." § 42-311, R. S. 1943.

"If the circumstances of the parties shall change, or it shall be to the best interests of the children, the court

may afterwards from time to time on its own motion or on the petition of either parent revise or alter, to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them." § 42-312, R. S. 1943.

It is observable from these provisions of the statutes that while the divorced parents are granted the right to petition for change of the custody, care, and maintenance of minor children at the same time the court is granted the right to exercise control thereover.

How may the court in the first instance become informed of the necessity or apparent necessity for the exercise of this control? The procedure is not defined or prescribed in our statutes and neither is it pointed out by whom the grounds shall be presented to the court.

Elsewhere it has been held that third persons may intervene where it is contended that the parent to whom custody of children was awarded has become unfit for the trust. Stone v. Duffy, 219 Mass. 178, 106 N. E. 595. Reason supports this holding.

It has also been held that the application may be by motion. Corbett v. Corbett, 123 Ohio St. 76, 174 N. E. 10; Newkirk v. Newkirk, 129 Ohio St. 543, 196 N. E. 146; 27 C. J. S., Divorce, § 317, p. 1192.

The proceeding is a supplementary or auxiliary proceeding in the original action having no purpose to review or otherwise affect the determinable issue therein, that of divorce. Bridges v. Bridges, 227 Ala. 144, 148 So. 816; Franklin v. Bonner, 201 Iowa 516, 207 N. W. 778; Thornton v. Thornton, 221 Mo. App. 1199, 2 S. W. 2d 821; Cushing v. Cushing, 126 N. J. Eq. 271, 8 A. 2d 363; Smith v. Frates, 116 Wash. 108, 198 P. 732.

In this light we conclude that the petition here is not within the meaning of the statute a petition in intervention. It is an ancillary petition in an action where there had been a full and complete adjudication of the issues there presented. The purpose of the proceeding was not to disturb the judgment on the issues tried in the

action but to invoke action of the court in regard to a subject matter over which the court pursuant to statute retained jurisdiction and control.

We conclude further that, since the Legislature has failed to prescribe procedure to invoke action of the district court in such circumstances, the procedure followed herein was proper and should be and is approved.

The district court did not err in overruling the demurrer.

AFFIRMED.