MARCELLA W. CHRISTOFFERSEN, APPELLEE, v. EDWIN L. CHRISTOFFERSEN, APPELLANT.

39 N. W. 2d 535

Filed November 10, 1949. No. 32658.

*Spear, Lamme & Flory,* for appellant.

*Richards & Schafersman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an action for divorce by appellee against appellant on the ground of extreme cruelty.

The parties were married September 20, 1941, and are the parents of one child born July 24, 1945. The decree granted the appellee a divorce; one-half of all of the property of the parties, including the bank account, as permanent alimony; the custody of the child; and fixed

child support at $70 a month when appellant earned $175 a month, and when he earned a less amount, $50 a month, commencing on February 19, 1949, and continuing until the child is 21 years of age, payable semimonthly to the clerk of the court.

Appellant offered no opposition to the granting of a divorce, the custody of the child, or the division of the property, and expressed his desire to furnish support for his son within the limits of his ability. The part of the decree relating to divorce, custody of the child, and permanent alimony to plaintiff is not questioned by this appeal. The part of the decree dealing with child support is the sole matter presented for review in this court.

The amount fixed for the care of the infant son of the parties is wholly and exclusively child support, as distinguished from alimony or support for appellee. The record makes this clear. The trial court repeatedly gave it this specific designation and status. The court had the power to provide the appellee an amount for her support in addition to the award of money and property made to her as permanent alimony, but it did not do so. Saum v. Saum, 144 Neb. 842, 14 N. W. 2d 844; Graham v. Graham, 135 Neb. 761, 284 N. W. 280; § 42-318, R. S. Supp., 1947.

The decree provides child support on a sliding scale, the sum payable depending upon the amount of the earnings of appellant. The amount is not fixed and certain, but is made to depend upon the future earnings of appellant, and these may frequently fluctuate. In the event of disagreement of the parties as to the fact, the court would be the only resort, on numerous occasions, to adjudicate the fact which will fix the amount appellant should pay to perform the decree on the subject of child support. Support money, when allowed, should be certain and definite, based upon present conditions, and not made to depend upon uncertain and speculative contingencies or hypothetical earnings or income. Procedure has been provided for the revision and modification

of such orders based upon the situation existing and made at the time of the trial, if the circumstances of the parties change or it shall be to the best interests of the children. § 42-312, R. S. 1943. The practice adopted by the district court in this case is disapproved.

It is objected by appellant that the amount of the award for child support is excessive. No fixed rule has been, or can be established to govern in cases of this kind. In instances where somewhat similar facts to those in this case existed, larger amounts of child support have been granted, and in other, lesser amounts. The question in each case must be decided on its facts. Generally the status, character, and situation of the parties and all the attendant circumstances must be considered, and the amount determined in accordance with the best judgment and sound discretion of the court. In this case the ages of the parties are respectively 28 and 40 years; appellee is in good health; appellant is not; because of a lung condition he has been advised by doctors to avoid dust and construction work; and he is not physically able to handle heavy machines. Appellee attended high school, and the training received by appellant was apparently less. When they were married she was working in a cafe dipping chocolate, and he was employed part time on the farm of his mother as a common laborer, and had no money or property. He had no training or experience in the operation of heavy equipment or machinery. He was first employed as such at the Mead Ordnance Plant commencing in 1942, and continued in construction work, with many interruptions for considerable periods of time, until about November of 1948. He received various amounts as wages, the largest total was $4,800 during the year 1947. In 1948 he earned about $2,300. During that year he also raised about 70 head of pigs. Appellee worked part of the time after the marriage. Their property and bank account were in the names of both. At the time of the

divorce the property they had was 26 pigs, a trailer subject to a mortgage, a 1936 Chevrolet coupé, household furnishings, and a bank balance of about $200. This was divided equally between the parties, except the household furnishings were assigned to appellee, and appellant kept the automobile. During the war many machinery operators were trained, and the demand for them has decreased. Their wages were considered large, but their expenses were also considerable. Appellant had been unemployed and unable to get employment since December of 1948. He had made application for, and received, one check for unemployment insurance. The infant son of the parties is slightly less than four and a half years of age, and has a defect in his feet that requires his shoes to be altered to accommodate the malformation and some medical assistance in an effort to correct it. He and his mother are living with her parents at an expense of $10 a week for board and room.

The amount of child support allowed is excessive under the circumstances of this case. The part of the decree fixing the amount thereof should be reversed with directions to the trial court to order $40 a month as support for the infant son of the parties, commencing on February 19, 1949, the date fixed in the decree, until he is of legal age or until the further order of the court, as provided by law in reference thereto. Counsel for appellee is allowed $100 for services in this court, and costs, except for supplemental transcripts, are taxed to appellant.

The motion of appellant for an order striking from the files of the court the two supplemental transcripts filed in this case and submitted at the time of the argument should be denied. These contain nothing pertinent, helpful or proper to be considered in reference to the sole matter presented for review in this case. They only encumber the record and burden the court. The

clerk should be, and is, instructed to tax the costs of the two supplemental transcripts to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.
MOTION TO STRIKE SUPPLEMENTAL TRANSCRIPTS DENIED.