HERMAN HOFFMEYER, APPELLEE, V. ECHO HOFFMEYER, APPELLANT.

62 N. W. 2d 138

Filed January 8, 1954. No. 33408.

Harvey W. Hess and Van Pelt, Marti & O'Gara, for appellant.

W. O. Baldwin and Perry & Perry, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is a divorce action commenced in the district court for Thayer County by Herman Hoffmeyer against Echo Hoffmeyer, for an absolute divorce on the grounds of extreme cruelty, and for an order relative to the custody of the minor children of the parties. The defendant, Echo Hoffmeyer, filed a cross-petition alleging extreme cruelty and praying for the custody of the minor children of the parties, for permanent alimony, and for child support. The trial court entered a decree finding generally in favor of the defendant on her cross-petition and granted her an absolute divorce and the custody of the children until further order of the court. The court further decreed that during the summer vacation period the plaintiff should have the custody of the children as the parties might agree, and if they could not agree as to certain dates, then the court, on application of either of the parties, should fix said dates; that the defendant should be allowed $1,400 permanent alimony, payable $200 each in seven installments, the first installment to be paid June 1, 1953, and each installment of $200 thereafter to be paid 6 months apart from that date until the same is paid; that the defendant

should be allowed the dwelling house located at Deshler, occupied by her and the children; that the defendant should be allowed the household goods situated in this dwelling, which were estimated to be of the value of $1,500; and that the plaintiff pay to the defendant as child support $100 a month commencing March 1, 1953, the subsequent payments of $100 a month to be made on the first day of each month following thereafter. However, the court found that during vacations when the plaintiff has the custody of the children, these payments were to be reduced in proportion to the time he has the custody of the said children. The court allowed the defendant's attorney a fee of $200 for services rendered in the district court, and ordered the plaintiff to pay the costs of the action. From this judgment the defendant appealed to this court.

For convenience we will refer to the parties as they were designated in the district court.

The defendant assigns as error that the trial court erred (1) in allowing an insufficient amount for permanent alimony; (2) in allowing only $100 a month for child support for the four children; and (3) in giving custody of the children during the summer vacation to the plaintiff.

This case is here for trial de novo upon the issues presented by such appeal, as in other equity actions. See, § 25-1925, R. R. S. 1943; Lippincott v. Lippincott, 141 Neb. 186, 3 N. W. 2d 207, 140 A. L. R. 901; Ristow v. Ristow, 152 Neb. 615, 41 N. W. 2d 924; Christoffersen v. Christoffersen, 151 Neb. 763, 39 N. W. 2d 535.

The court in deciding the amount of alimony or in making a division of property in a divorce case will consider the age of the parties, their earning ability, the duration of and the conduct of each during the marriage, their station in life, the circumstances and necessities of each, the physical condition of each, the property owned by them and whether or not it was acquired by their joint efforts, and any other pertinent facts. See

Wakefield v. Wakefield, *ante* p. 611, 61 N. W. 2d 208.

Permanent alimony is founded upon the right of the wife to such support from her husband as she would be reasonably entitled to expect considering all the circumstances. Its amount rests upon the sound discretion of the court. See Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847.

Upon the granting of an absolute divorce the trial court has a legal right to assign the property, both real and personal, acquired during the marriage by the joint efforts of the parties, between the parties as the equities require. See Waugh v. Waugh, 154 Neb. 325, 47 N. W. 2d 859.

Courts of general jurisdiction have the inherent power to do all things necessary for the proper administration of justice and equity within the scope of their jurisdiction. See, Earle v. Earle, 27 Neb. 277, 43 N. W. 118, 20 Am. S. R. 667; Wassung v. Wassung, 136 Neb. 440, 286 N. W. 340; Jensen v. Jensen, 144 Neb. 857, 15 N. W. 2d 57; Lippincott v. Lippincott, 152 Neb. 374, 41 N. W. 2d 232.

With the foregoing authorities in mind we proceed to a determination of this appeal, to ascertain whether or not the trial court erred as contended for by the defendant.

It appears from the record that the parties were married at Deshler, Nebraska, on June 26, 1938. After the marriage the parties lived with the plaintiff's parents for 5 or 6 months and then moved to a farm of 160 acres which had been deeded to the plaintiff by his father on April 7, 1936. At that time this land was encumbered with a mortgage to a Federal Land Bank in the amount of $6,300. They resided on the farm until the spring of 1951. They purchased a dwelling in Deshler for the amount of $3,600, the title being taken jointly in the names of the parties. There is no encumbrance against this house, and it was paid for by the plaintiff from what he earned on the farm and from other sources.

The plaintiff earned not to exceed $1,900 in 1952.

At the time of the marriage, the defendant was employed in the office of the Deshler Broom Factory as a stenographer, and continued in such employment until January 1, 1939. Her earnings averaged about $75 a month. This salary was used for household expenses. She again worked at the broom factory in the same kind of employment from September 1, 1940, until the middle of May 1941. She again resumed her duties at the broom factory in July 1951, and has continued in such employment ever since.

To this union four children were born, Robert on April 10, 1939, Arland on October 7, 1941, Margaret on February 13, 1944, and Harvey on February 14, 1950. At the time of trial the defendant was 40 years of age and the plaintiff lacked 3 months of attaining the age of 40 years.

The quarter section of land owned by the plaintiff is in a good neighborhood. It is a fairly well improved farm with 133 acres under cultivation and 27 acres in pasture. Several witnesses familiar with the farm and the lands in the same vicinity and the value thereof testified as to its value ranging from $25,000 to the value of $19,000 to $20,000 placed upon the farm by the plaintiff. At the time of trial this farm was encumbered in the amount of $5,600. The trial court found the value of this farm to be $22,000 which, from our view of the record is the reasonable market value of this farm.

The plaintiff testified that he had a tractor worth from $700 to $800, encumbered with a mortgage of $1,000, and a hay baler worth $1,500 and a 1950 Buick special which he valued at $1,000, which were encumbered with a mortgage of $1,910. He also had an old drill valued at $50 and a lister valued at $60 to $70. The defendant had the use of a 1952 Pontiac sedan. This car was purchased by the twin sisters of the defendant with a trade-in of a 1941 Pontiac valued at $250 which the

plaintiff had purchased and placed in the defendant's name.

For 2 years prior to the time of trial the plaintiff had contributed $100 a month for the support of the children. The defendant's net earnings for 1952 amounted to $1,952.06. From these amounts she paid $325 for the care of her youngest child, Harvey, while she was working, and the living expenses which she enumerated. Also included were car insurance and expense, dental bills, doctor bills, glasses and eye examinations, the childrens' allowances, clothing, music lessons, life insurance, and rent on a frozen-food locker, which for the year 1952 amounted to $3,324.35.

The trial court found the net value of the property owned by the plaintiff to be $18,400.

That the evidence was sufficient to grant the defendant a divorce on her cross-petition is conceded. There is no cross-appeal by the plaintiff.

From a review of the record we conclude these parties are both capable, intelligent, and in good health, and have in the past been able to earn good wages. The disposition made by the trial court as to the permanent alimony payable to the defendant and the amount allowed by the trial court for child support is affirmed.

In determining provision to be made in a divorce case for support of an infant child or children of the parties, their status and situation and all the attendant circumstances should be considered, and an amount fixed in accordance with the best judgment of the court. See, Ristow v. Ristow, *supra;* Christoffersen v. Christoffersen, *supra.*

In the event of a change of circumstances, the minor child or children are protected by the following applicable authority: Section 42-312, R. R. S. 1943, provides procedure for the revision and modification of such orders based upon the situation existing and made at the time of the trial, if the circumstances of the parties

change or it shall be to the best interests of the child or children. See Ristow v. Ristow, *supra.*

These rules were recognized by the court as is indicated by the decree in this case. The evidence discloses that the plaintiff's farm is located in a respectable neighborhood with good environment; that the grandparents and relatives live in the immediate vicinity; and that the plaintiff is a leader in 4-H work, is a hard-working, industrious farmer, and has a deep-rooted love for his minor children. We see no reason why the judgment of the trial court in awarding the custody of the children as set forth in the decree, with the reservation made therein, should be disturbed.

For the reasons given in this opinion, the judgment of the trial court is affirmed.

AFFIRMED.