GRACE PHILLIPS, APPELLANT, V. CHARLES PHILLIPS, APPELLEE.

77 N. W. 2d 152

Filed May 18, 1956. No. 33957.

*Leamer & Graham,* for appellant.

*E. J. McCarthy,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

The plaintiff appeals from an order of the district court for Dakota County reducing the amount awarded

as child support in a decree of divorce from $80 per month to $54 per month.

The record shows that on November 27, 1947, plaintiff was awarded a decree of divorce from the defendant. Plaintiff was awarded the custody of the three minor children, Romona, Ronald, and Linda. An award for the support of the children in the amount of $80 per month was also made.

On December 16, 1954, defendant filed his application in the original divorce action to obtain a reduction in the amount of such support payments. Defendant alleged that the three children are of the following ages: Romona 17, Ronald 16, and Linda 11. He alleged further that Romona had become an unwed mother and had removed to the State of Oregon, where she is living with her grandmother. The defendant alleged the remarriage of the plaintiff in July 1952, and his own remarriage and the birth of a child which he is obligated to support. He contended that due to the foregoing changed conditions the child support payments were excessive and prayed that they be reduced.

The record shows that defendant earned a net take-home pay of $320 per month. His present wife earns approximately $700 per year. He testifies that his monthly expenses are about $305 per month. The evidence shows defendant's annual income to be $3,840 and his annual living expenses to be $3,660. The plaintiff lists among her living expenses many items of household and car expenses which cannot be properly charged to the support of these minor children. The allegations of fact in the application are not in dispute and are generally supported by the evidence.

It is a general rule in this jurisdiction that remarriage, and the resulting new obligations, is a change of circumstance that may be considered by the court upon an application to revise and alter the child support provisions of the original decree. McIlwain v. McIlwain, 135 Neb. 705, 283 N. W. 845. But the re-

marriage of the father does not relieve him of the obligations fixed by the decree. Winter v. Winter, 95 Neb. 335, 145 N. W. 709, 50 L. R. A. N. S. 697. The fact of remarriage, standing alone, is not sufficient to justify a modification of child support payments. It does not bear directly upon the legal duty of a father to contribute to the support of his minor children by a former marriage.

It is a general rule that in determining the amount of child support to be awarded, the status, character, and situation of the parties and all the attendant circumstances must be considered, and the amount determined in accordance with the best judgment and sound discretion of the court. Christoffersen v. Christoffersen, 151 Neb. 763, 39 N. W. 2d 535. Where there has been a change of circumstances the same rule applies in determining whether child support payments should be increased or reduced. Hoffmeyer v. Hoffmeyer, 157 Neb. 842, 62 N. W. 2d 138.

In considering the evidence in this case the trial court could properly find that changes of circumstances did exist. The defendant had remarried and had a wife and child to support. The plaintiff had also remarried and some of her living expenses had become a liability of her husband. The court could consider the fact that Romona had left the jurisdiction of the court and the care and custody of her mother. The age of the parties, the health and present earning capacity of the defendant, and all the changes in circumstances are subject to the scrutiny of the trial court. The record does not disclose that the trial court abused the legal discretion which the law vests in that court when it reduced the child support to $54 per month. The plaintiff states that she will have to assist Romona for some time. There is no evidence that she has done so since Romona has left her care and custody, nor any credible evidence that it will be necessary for her to do so.

We do not find that defendant lacks the ability to

pay child support in the amount of $80 per month. We do find that the trial court had evidence before it of changed conditions from which it could properly find that child support in the amount of $54 per month was reasonable and proper under all the circumstances shown by the record. We find no reason for holding that the trial court abused its discretion in reducing the amount of child support as it did. If conditions and circumstances again change, a further application to the court by the aggrieved party provides a complete remedy. The judgment of the district court is affirmed.

AFFIRMED.