BERNICE ELLEN JONES, APPELLANT, v. DALE RAY JONES,
APPELLEE.

115 N. W. 2d 462

Filed June 8, 1962. No. 35167.

*Harold L. Gurske, Harold C. Prichard,* and *Bayard T. Clark,* for appellant.

No appearance for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and CHADDERDON, District Judge.

SPENCER, J.

This appeal is from the refusal of the district court to increase the amount of child support allowed in a divorce decree entered in 1956.

Plaintiff and appellant herein, Bernice Ellen Jones, hereinafter referred to as plaintiff, was granted a divorce from appellee, Dale Ray Jones, hereinafter referred to as defendant, on December 11, 1956. She was awarded the custody of the two children, Thomas Ray Jones, then 8 years of age, and Jacqueline Lee Jones, then 6 years of age. The parties had entered into a property settlement

agreement which provided for the payment of $25 per month for each child. The only items of property covered by the agreement were household goods which were given to the plaintiff, except for a refrigerator and an electric range which were given to the defendant.

Plaintiff filed a petition to modify the decree on August 11, 1961, alleging that conditions had materially changed; that the defendant was earning a much more lucrative salary; and that the cost of maintaining the children had materially increased. She requested that the child support be increased from $25 to $50 per month for each child.

An appeal lodged in this court from a decree rendered in a divorce action brings the case here for trial de novo on the issue of fact complained of on the record made in the district court. See, § 25-1925, R. R. S. 1943; McNamee v. McNamee, 154 Neb. 212, 47 N. W. 2d 383.

If the circumstances of the parties change, or it is for the best interests of the children, the court may from time to time on its own motion or on the petition of either parent revise or alter the divorce decree so far as custody, care, and maintenance of the children are concerned. See, § 42-312, R. R. S. 1943; Harris v. Harris, 151 Neb. 191, 36 N. W. 2d 849.

At the time of the divorce, defendant had just received a discharge in bankruptcy and was unemployed. He had been in Greenland and came back when his contract expired, which was shortly before the divorce. He later went to work for the federal government at a salary of $6,000 per year. He now has a career appointment and is earning $7,425 annually. At the time of the hearing in district court, he had a 1961 Chevrolet Impala automobile on which he was paying $90 per month. Defendant put in evidence a statement of living expenses indicating that he was living beyond his means. He seems to overlook the fact that a father is charged with the support of his children and that this is his primary responsibility.

It is the continuing duty of the court to consider the reasonable needs of the children and the ability of the father to supply those needs. It is apparent to us that the defendant's situation has materially changed and that $25 per month for each child is clearly inadequate. There is absolutely no reason why the defendant could not pay $50 per month for the support of each child, or $100 per month, and still live within his income. We determine that he should do so.

A proceeding in a divorce case, with reference to an adjudication of child support, is a continuation of the divorce suit and one of its incidents, and an attorney's fee for services rendered in this court may be allowed and taxed as costs. Ruehle v. Ruehle, 161 Neb. 691, 74 N. W. 2d 689. We determine that the attorney for the plaintiff should be allowed a fee of $250 for services rendered in this court, to be taxed as costs.

We reverse the judgment of the district court, and remand the cause with directions to modify the decree in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.