JUNE T. JOHNSON, APPELLEE, v. U. CONE JOHNSON, APPELLANT.

129 N. W. 2d 262

Filed June 26, 1964. No. 35691.

Haney, Walsh & Wall, for appellant.

Crossman, Barton & Norris and Henry F. Pedersen, Jr., for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

MESSMORE, J.

The plaintiff, June T. Johnson, was granted a divorce from U. Cone Johnson and the custody of Gail Johnson and Frederick Johnson, two minor children of the parties. The defendant, U. Cone Johnson, did not appear, but his counsel conferred with the court prior to the hearing. The defendant was ordered to pay $100 a month child support for each child. The plaintiff was to receive $1,980 in cash, the defendant $3,380. Three life insurance policies on the life of the defendant, having an aggregate value of $17,000, were made the subject of a trust agreement between the defendant and the Omaha National Bank, dated March 31, 1961, to provide for the college education of the children of the parties, the cash surrender value of the policies to be divided between the children in the event they chose a college education and matriculated in a college. Certain other conditions were provided for in the trust which need not be set forth.

On October 2, 1963, the plaintiff moved the court to modify the decree of divorce which was rendered on February 17, 1961, wherein, among other things, the plaintiff was given the custody of the minor children of the parties, to wit, Gail Johnson and Frederick Johnson, whose ages were 15 and 12 years, and the defendant was ordered to pay $100 a month for child support of each

child; and that since the decree was entered, the circumstances of the parties had changed and the needs of the children had increased to such an extent that the plaintiff was unable to provide for the basic needs of the children without having the court require the defendant to pay an additional sum per month for each child. This motion then set out the needs of the children since the decree of divorce was granted.

The defendant filed an answer in opposition to the plaintiff's motion wherein he denied that there had been any material change in the basic needs of the children since the entry of the divorce decree or any change in defendant's financial position since that time; and denied that the plaintiff was unable to provide for the basic needs of the children under the allowance previously made by the court. The defendant alleged that there were adequate public schools in the city of Omaha which might be attended by the children of the parties; that it was not necessary for the children to attend a private school to obtain an adequate basic education; that under the decree of divorce provision was made for a college education for the children; and that in addition to the sum of $200 a month which the defendant was directed to pay for the support of the children, defendant was required to pay the additional sum of $39.44 to maintain in force the insurance policies which constitute the subject of the trust agreement. The defendant prayed that the plaintiff's motion be overruled.

The court entered an order that commencing November 1, 1963, and continuing until further order of the court, subject to any credits which might accrue under prior decree of February 17, 1961, the monthly payments for child support of Gail Johnson were increased to $135 a month, and of Frederick Johnson to $125 a month.

The defendant filed a motion for new trial which was overruled, and defendant appealed.

The plaintiff testified that the children attended school at Brownell Hall, which is a private school; that at the

time the divorce was granted the cost of education of these children amounted to $45 a month apiece; that the children were enrolled at Brownell Hall at the time the divorce was granted and defendant knew this fact; that the expenses of education of these children as of October 18, 1963, was $72 apiece a month; and that this amounts to an increase of $23 for each child. The plaintiff further testified that at the time the divorce decree was entered Frederick was 9 years old and at the time of hearing he was 12 years old, and his expenses had increased because he engaged in more school activities; that his clothes were more expensive, and he ate more; that at the time the decree was entered his clothing consisted of what he was wearing at that time; and that it would take about $7 a month more to take care of his clothing needs at the time of hearing than at the time of the divorce decree. The plaintiff further testified that Gail was 12 years old at the time the divorce decree was entered and was 15 years old at the time of hearing; that her clothing needs had increased approximately $7 a month; that the children needed coats; that Frederick had outgrown his winter clothes, slacks, and shirts, and needed shoes and pajamas; that 3 years ago Frederick's shoes cost $6.95 and their cost had increased to $9.95, and Gail's shoes at the time the decree of divorce was entered cost $6.95 and had increased in cost to $10.95 or $12.95; and that the style and fashion of the children's clothing were basically the same at the time of hearing and at the time the decree of divorce was granted. The plaintiff further testified that during the last 3 years the children had been going to doctors and to dentists; that Gail had to have braces on her teeth; that she was not feeling well and was taken to a doctor and given special tests; that the doctor thought that Gail might have rheumatic fever; that the doctor's fees amounted to $95; that the services of an orthodontist to straighten Gail's teeth cost $21 a month; that there was still owing on this account $600; and that

this treatment would continue about 6 more months. at $21 a month, plus $600. This witness further testified that Frederick required regular dental care because he gets a lot of cavities in his teeth and is checked by a dentist each 6 months; and that the medical and dental care of the children required about $35 a month more since the time the divorce decree was entered. The plaintiff further testified that she had to borrow money since the date of the divorce to pay bills. She first borrowed $300 to pay bills outstanding at the time she obtained the decree of divorce. Later she borrowed about $500 for clothes and doctor bills, and she was still paying on that loan. The plaintiff further testified that in addition to the expenses heretofore mentioned, other anticipated expenses involved school activities; that the children belong to different things, such as the choir; that they participated in a Christmas program which required special clothes; that Gail belongs to a club; that they are required to belong to the choir, but not to a club; and that the reason the children are not taken from Brownell Hall is because they feel secure there and are happy and satisfied. The plaintiff further testiifed that the defendant, at the time of the divorce, was state agent of the Aetna Insurance Company at St. Louis; that when they moved to Nebraska he was state agent for the same company; and that the defendant now lives in Denver and is Mountain States manager for the same insurance company. The plaintiff further testified that she uses her funds to support the children; that she is now required to pay about $45 to $50 more a month for each child's support; and that she has received financial assistance from her mother and father to help support the children.

On cross-examination the plaintiff testified that she did not know whether or not the defendant approved of placing the children in Brownell Hall; that he never expressed himself on that subject; that financial matters were a problem during their marriage; that Harrison

School is 3 or 4 blocks from where she lives and Lewis and Clark Junior High School is about 10 or 12 blocks from where she lives; that at the time of the divorce she did receive some cash which is now spent; that in addition to the lump sum she received she borrowed $900; and that her salary at Omaha University was $320 a month. On redirect examination the plaintiff testified that the lump sum she received at the time of the divorce was about $1,900; that her take-home pay was $238 a month; and that a part of the lump sum settlement was used to pay back bills and a full year's tuition at Brownell Hall. On recross-examination the plaintiff testified that the children entered Brownell Hall in September 1960, and she and the defendant were separated at that time.

The defendant assigns as error that the trial court erred in sustaining the plaintiff's motion to modify the decree of divorce; by increasing the monthly benefits of the minor children of the parties; and in not granting the defendant a new trial.

The following are applicable to the instant case.

In Phillips v. Phillips, 162 Neb. 649, 77 N. W. 2d 152, this court said: "It is a general rule that in determining the amount of child support to be awarded, the status, character, and situation of the parties and all the attendant circumstances must be considered, and the amount determined in accordance with the best judgment and sound discretion of the court. Christoffersen v. Christoffersen, 151 Neb. 763, 39 N. W. 2d 535. Where there has been a change of circumstances the same rule applies in determining whether child support payments should be increased or reduced. Hoffmeyer v. Hoffmeyer, 157 Neb. 842, 62 N. W. 2d 138."

In Jones v. Jones, 173 Neb. 880, 115 N. W. 2d 462, this court said: "If the circumstances of the parties change, or it is for the best interests of the children, the court may from time to time on its own motion or on the petition of either parent revise or alter the divorce decree

so far as custody, care, and maintenance of the children are concerned. See, § 42-312, R. R. S. 1943; Harris v. Harris, 151 Neb. 191, 36 N. W. 2d 849." The court further said that a proceeding in a divorce case, with reference to an adjudication of child support, is a continuation of the divorce suit and one of its incidents.

The case is here for trial de novo on the issue of fact complained of on the record made in the district court.

"The discretion of the lower court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." 27B C. J. S., Divorce, § 324(13), p. 757. Note 91 of the cited text discloses that the vast majority of states endorse the above principle. See, also, Phillips v. Phillips, *supra;* Ross v. Ross, 174 Neb. 795, 119 N. W. 2d 495.

With the foregoing in mind, we come to the contention of the defendant that the plaintiff did not sustain the burden of proof sufficiently to modify the final decree of divorce to establish that there had been a substantial change of circumstances necessary to warrant a modification of the divorce decree.

In this connection, the defendant relies on the case of Morris v. Morris, 137 Neb. 660, 290 N. W. 720. In that case the question presented was whether the trial court was justified in reducing the alimony and child support allowance in a divorce decree from $60 to $30 a month. The plaintiff was granted a divorce from defendant and the custody of their 9-year-old child. The decree provided that the defendant should pay the plaintiff the sum of $60 a month for the support of herself and child, except that, if his income fell below $160 a month, it was to be reduced to 40 percent of his earnings, but in no event was it to be less than $35 a month, unless the plaintiff remarried, when it should be reduced one-half. The defendant filed an application for

modification, to reduce the payments to $25 a month. The trial court entered an order changing the amount of the payments to $30 a month, and the plaintiff appealed. The defendant was without counsel in the divorce proceeding and offered to pay plaintiff $60 a month. This court said: "The fact that plaintiff is now employed is a circumstance that permits the situation of the parties to be reexamined and some adjustment to be made in the equities between them. The difficulty confronts us in this case, however, that the record contains no evidence as to the extent of plaintiff's earnings. This information seemingly was not readily available to defendant, possibly because plaintiff was not present personally at the hearing. The trial court might have required it to have been disclosed by plaintiff's counsel. Perhaps defendant did not exercise the necessary diligence to obtain it. Without it, however, we are not able to say whether the modification made by the trial court was fair or proper.

"In the ordinary judicial proceeding we would be justified, perhaps, in reversing the decree and dismissing the application, but we will not blind ourselves to the possible injustice which may result in the present situation, and will remand the cause to allow evidence to be received on the extent of plaintiff's earnings, and leave the way open for a decree to be entered based upon such evidence and the equities which shall then appear to exist."

We believe that the cited case is not controlling in the instant case.

The evidence in the instant case discloses that since the final decree of divorce was entered the daughter of the parties has become 15 years of age and the son was, at the time of hearing, almost a teenager. The evidence shows, without contradiction, that these two children require more medical and dental attention than previously, and more clothing; that the plaintiff went to work after obtaining her divorce, and since that time

has used her wages for the benefit of these children; that she has borrowed money to pay expenses incurred; and that the plaintiff has requested the defendant on one or more occasions to assist, but such request went unanswered.

The defendant was well aware that these children were attending Brownell Hall at least 6 months prior to the time of the obtaining of the divorce by the plaintiff. He has never objected to their attending such school, and he has offered no evidence to show that he objects. It would seem obvious that the defendant would know that when minor children grow older they require more attention, more clothes, and additional advantages. The defendant, if willing, could have offered some proof relating to these facts instead of electing to ignore them.

There is no evidence to show that the defendant lacks the ability to make the payments as shown by the modification order of the trial court. There was evidence before the trial court of changed conditions from which it could properly find that the amounts allowed by its order were reasonable and proper under the circumstances shown by he record. We are unable to find a reason for holding that the trial court abused its discretion in increasing the amount of child support as it did. If conditions and circumstances again change, a further application to the court by the aggrieved party provides a complete remedy. The judgment of the district court is affirmed.

AFFIRMED.

CARTER, J., dissenting.

I agree with the majority opinion that an increased award of child support is justified for necessaries. I do not agree that an additional award for luxuries should be imposed on the defendant in the absence of a showing that the defendant has assets, including income, which would justify such an award.

The children of these parties could attend public

school without a charge for tuition. The sending of the children to an expensive private school is in the nature of a luxury. When the cost of a private school education materially increases, as here, the additional cost ought not to be included in a child support order in the absence of any evidence of defendant's ability to pay. The defendant was not present at the hearing. The evidence of defendant's ability to pay could easily have been obtained by the discovery process. No attempt was made to establish it.

The proper disposition of the case is pointed out in Morris v. Morris, 137 Neb. 660, 290 N. W. 720, wherein it is said: "The difficulty confronts us in this case, however, that the record contains no evidence as to the extent of plaintiff's earnings. This information seemingly was not readily available to defendant, possibly because plaintiff was not present personally at the hearing. The trial court might have required it to have been disclosed by plaintiff's counsel. Perhaps defendant did not exercise the necessary diligence to obtain it. Without it, however, we are not able to say whether the modification made by the trial court was fair or proper.

"In the ordinary judicial proceeding we would be justified, perhaps, in reversing the decree and dismissing the application, but we will not blind ourselves to the possible injustice which may result in the present situation, and will remand the cause to allow evidence to be received on the extent of plaintiff's earnings, and leave the way open for a decree to be entered based upon such evidence and the equities which shall then appear to exist."

For the foregoing reasons I would reverse the judgment and remand the cause for the taking of evidence on defendant's ability to pay the increased cost of the private school tuition.

BROWER, J., joins in this dissent.