ESTHER SANCHEZ, APPELLEE AND CROSS-APPELLANT, v. CRUZ SANCHEZ, APPELLANT AND CROSS-APPELLEE.

183 N. W. 2d 743

Filed February 11, 1971. No. 37646.

Van Steenberg, Winner & Brower, for appellant.

Byron M. Johnson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is a divorce action. The only issues on appeal involve the allowance or disallowance of child support and alimony. We affirm, as modified, the judgment of the district court.

The parties were married November 1, 1967. They have one child born on June 29, 1969. They separated in October 1969. The cause of the separation and the principal ground for divorce involved defendant's misconduct with another woman. The trial court ordered defendant to pay $125 per month child support, denied alimony, awarded to plaintiff a refrigerator, bedroom set, household goods, and her personal effects. Defendant was awarded the remaining property consisting of a tape recorder, two guns, a power saw, camera, colored T.V. and stereo set, clock, gas stove, a 1969 Dodge automobile, and a 1964 Ford automobile. The automobiles were heavily encumbered and there were also liens against some of the other personal property, including the refrigerator. Defendant was directed to make all payments accruing on the liens, but plaintiff was making the payments due on the refrigerator.

Defendant was steadily employed with an average take-home pay of approximately $360 per month. Plain-

tiff had worked as a presser in a cleaning establishment for a weekly wage of $29. She temporarily lived in a small house owned by her mother, is not working, and receives $55 per month in welfare assistance.

The rules governing situations such as are here presented are well established but not always simple to apply. We have said: "Factors to be considered in an award of alimony or a division of property in a divorce case are the age and health of the parties; their earning ability; their relative conduct leading up to the divorce; the duration of the marriage; the social standing of the parties; the property of the parties and its value at the time of the divorce, its income-producing capacity, the manner in which it was acquired, and the respective contributions that each party has made thereto; the property of the parties and its value at the time of the marriage; and all other relevant facts and circumstances." Gartside v. Gartside, 181 Neb. 46, 146 N. W. 2d 777. We have also said: "No fixed rule has been, or can be established to govern in cases of this kind. In instances where somewhat similar facts to those in this case existed, larger amounts of child support have been granted, and in other, lesser amounts. The question in each case must be decided on its facts. Generally the status, character, and situation of the parties and all the attendant circumstances must be considered, and the amount determined in accordance with the best judgment and sound discretion of the court." Christoffersen v. Christoffersen, 151 Neb. 763, 39 N. W. 2d 535.

In propositions of this nature, with the great variation in circumstances encountered in cases dealing with the problem, much must, of necessity, be left to the sound discretion of the court. Here the parties were married for a comparatively short time; they have little property, but there is a great disparity in their respective earning abilities. This is particularly true at present when the plaintiff has a small child to care for. Were she to seek employment, she would be required to expend much

of her earnings to employ what is commonly termed "a baby sitter." The divorce was occasioned solely by defendant's misconduct; yet, after payment of the $125 for child support, he still retains $235 per month for his own use. At the same time, plaintiff has no income of her own and is dependent upon welfare assistance. The sum of $125 per month for the support of a small child seems high although it is a fact of life that the first child adds more to the family expense than a second or third. The cost of maintaining a home with all its attendant expense is not much greater for two or three than for one. The amount to be awarded as child support rests within the sound discretion of the court. In each instance it depends upon the needs of the child or children, the financial condition and earning ability of the father, the family standard of living, and all other relevant facts and circumstances. See 24 Am. Jur. 2d, Divorce and Separation, § 839, p. 951.

The trial court might well have reduced the sum allowed for child support and made an additional allowance in the nature of alimony. This, it appears, would be the logical thing to do, yet the total sum allowed is not unreasonable. We believe child support payments should be reduced to $75 per month. Plaintiff's cross-appeal requests the allowance of alimony and we find this would be proper. Alimony in the sum of $3,200, payable in semimonthly installments at the rate of $50 per month, is awarded to plaintiff.

The judgment of the district court is affirmed as modified. Plaintiff is allowed the sum of $300 for the services of her attorney in this court.

AFFIRMED AS MODIFIED.